**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
FRANCISCO VELIZ ACOSTA,

                Plaintiff,

     -against-

PRINCE UMBERTO RESTAURANT &
PIZZERIA INC, and MARIA CALIENDO,

               Defendants.
--------------------------------------------------------------X

                **COMPLAINT**

Plaintiff, FRANCISCO VELIZ ACOSTA ("Plaintiff"), as and for his Complaint against

Defendants, PRINCE UMBERTO RESTAURANT & PIZZERIA INC ("Prince Umberto

Pizzeria") and MARIA CALIENDO (collectively, "Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

1.     Upon information and belief, Prince Umberto Pizzeria owns and operates a restaurant/pizzeria in Franklin Square, New York.

2.     Plaintiff worked for Defendants as a dishwasher and food preparer.

3.     Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to his employment with Defendants.

### PARTIES

4.     Plaintiff is an adult male currently residing in the State of New York.

5.     Upon information and belief, Prince Umberto Pizzeria is a domestic business corporation duly organized and existing under the laws of the State of New York.

6.     Upon information and belief, Maria Caliendo is an adult female currently residing in the State of New York.

1

## JURISDICTION AND VENUE

7.      Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

8.      Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

9.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

10.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**Defendant Prince Umberto Restaurant & Pizzeria Inc ("Prince Umberto Pizzeria")**

11.     Upon information and belief, Prince Umberto Pizzeria maintains its principal place of business at 721 Franklin Avenue, Franklin Square, NY 11010.

12.     Upon information and belief, Prince Umberto Pizzeria owns and operates a restaurant/pizzeria located at 721 Franklin Avenue, Franklin Square, NY 11010.

13.     At all times relevant to this Complaint, Prince Umberto Pizzeria had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

14.     At all times relevant to this Complaint, Prince Umberto Pizzeria had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

15. At all times relevant to this Complaint, Prince Umberto Pizzeria had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

16. Prince Umberto Pizzeria maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

17. At all times relevant to this Complaint, Prince Umberto Pizzeria was and is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant to this Complaint, jointly employed Plaintiff.

**Defendant Maria Caliendo**

18. At all relevant times of Plaintiff's employment with Defendants, Maria Caliendo was an individual engaged in business within this judicial district.

19. Upon information and belief, Maria Caliendo was and continues to be an owner, officer, director, shareholder, and/or managing agent of Prince Umberto Pizzeria.

20. Upon information and belief, at all relevant times, Maria Caliendo participated in running the daily operations of Prince Umberto Pizzeria.

21. Upon information and belief, at all relevant times, Maria Caliendo participated in the management and supervision of Plaintiff and his work for Prince Umberto Pizzeria.

22. Upon information and belief, at all relevant times, Maria Caliendo exercised operational control over Prince Umberto Pizzeria, controlled significant business functions of Prince Umberto Pizzeria, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Prince Umberto Pizzeria in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

23. Upon information and belief, Maria Caliendo participated in determining the wages and compensation of Prince Umberto Pizzeria's employees, establishing the schedules of its employees, maintaining its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

24. Maria Caliendo participated in the decision to hire Plaintiff.

25. Maria Caliendo participated in the decision to fire Plaintiff.

26. Maria Caliendo participated in deciding the job duties that Plaintiff performed.

27. Maria Caliendo participated in directing Plaintiff's job duties and responsibilities.

28. Maria Caliendo participated in the supervision of Plaintiff's job duties and responsibilities.

29. Maria Caliendo participated in deciding the manner in which Plaintiff was paid.

30. Maria Caliendo participated in deciding the compensation Plaintiff was paid.

31. Maria Caliendo was responsible for ensuring that Plaintiff was paid properly.

32. At all times relevant to this Complaint, Maria Caliendo was an employer within the meaning of the FLSA and the NYLL and, at all relevant times, jointly employed Plaintiff along with the other Defendants.

**Defendants Constitute Joint Employers**

33. Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34. Defendants possessed substantial control over Plaintiff's working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff.

4

35. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

36. Defendants jointly employed Plaintiff and are Plaintiff's joint employers within the meaning of the FLSA and the NYLL.

**Plaintiff Francisco Veliz Acosta ("Plaintiff")**

37. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

38. Defendants employed Plaintiff as a dishwasher and food preparer for their benefit and at their direction.

39. Defendants employed Plaintiff from on or about November 25, 2004 until on or about October 6, 2024.

40. Throughout Plaintiff's employment, Defendants did not require Plaintiff to punch in or out of his daily shifts.

41. Upon information and belief, Defendants did not keep and maintain accurate time records for the shifts Plaintiff worked throughout his employment.

42. From in or about 2018 through on or about October 6, 2024, Plaintiff worked six (6) days per week from 11:00 a.m. until 10:30 p.m., without any uninterrupted meal breaks.

43. During this time, Plaintiff worked approximately sixty-nine (69) hours each week.

44. Upon information and belief, from in or about 2018 through on or about October 6, 2024, Defendants paid Plaintiff a fixed weekly rate of pay.

45. Upon information and belief, from in or about 2018 through in or about April 2024, Defendants paid Plaintiff was paid $680.00 per week.

5

46.     Upon information and belief, from in or about May 2024 through on or about October 6, 2024, Defendants paid Plaintiff $750.00 per week

47.     Throughout Plaintiff's employment, Defendants did not pay Plaintiff an overtime premium for any of the hours he worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

48.     Defendants were aware of Plaintiff's work hours and pay rates but failed to pay him the proper wages to which he was entitled under the law.

49.     Defendants did not provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

50.     Because Defendants did not provide Plaintiff with complete and accurate wage notice and paystubs, Plaintiff was kept in the dark about how much he should have been paid.

51.     Had Defendants provided such wage notices and statements, Plaintiff would have known that he was entitled to overtime compensation for the hours he worked in excess of forty (40) each week and could have advocated for himself and brought this lawsuit earlier to enforce his rights under state and federal law.

52.     However, because Defendants did not provide Plaintiff with complete and accurate wage notice and paystubs, Plaintiff could not rectify the situation, which resulted in his underpayment of wages.

53.     As a result of Defendants' failure to provide the required wage notices and statements, Plaintiff has incurred tangible, downstream harm.

54.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

55.    Plaintiff has been damaged by such failures in an amount to be determined at trial, including without limitation unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

56.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

57.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

58.    Prince Umberto Pizzeria is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or engaged in the production of goods for commerce.

59.    At all times relevant to this Complaint, Prince Umberto Pizzeria and Prince Umberto had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

60.    Upon information and belief, the gross annual volume of sales made or business done by Prince Umberto Pizzeria in each applicable year was not less than $500,000.00.

61.    Prince Umberto Pizzeria was and is subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

62.    At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

7

63.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

64.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

65.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

66.     However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

67.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

68.     Defendants did not act in good faith with respect to the conduct alleged herein.

69.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME**

70.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

71.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

8

72.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 NYCRR §146-1.4.

73.     By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

74.     Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

75.     Plaintiff is a victim of a uniform, unlawful, company-wide compensation policy that has deprived him of proper overtime compensation.

76.     Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

77.     Defendants have not acted in good faith with respect to the conduct alleged herein.

78.     As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

79.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

80.     Defendants willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net

9

wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

81.     Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

82.     As a result of Defendants' failure to provide Plaintiff with wage statements, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for approximately two (2) decades without knowledge of his overtime rate and the number of hours for which he was paid each week.

83.     Had Defendants complied with the law, Plaintiff would not have suffered this injury because he would have either quit or would have made a complaint or otherwise acted to rectify the situation.

84.     As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS**

85.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86.     As set forth herein, Plaintiff's shifts were regularly spread beyond ten (10) hours per day during her period of employment with Defendants.

87.     Defendants never paid spread of hours pay to Plaintiff as required under Part 146, section 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations

10

promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

88.     Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

89.     As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**IN THE ALTERNATIVE**
**COUNT V**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 ET SEQ.**
**FAILURE TO PAY MINIMUM WAGES**

90.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

91.     As set forth herein, Defendants routinely and regularly failed to pay Plaintiff the applicable minimum wage, in violation of 29 U.S.C. §206(a).

92.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

93.     Defendants have not acted in good faith with respect to the conduct alleged herein.

94.     As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following acts:

    1.    Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

    2.    Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation, spread of hours compensation, and, alternatively, minimum wages;

    3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and statements;

B.    Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D.    Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E.    Award interest on all unpaid wages due accruing from the date such amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action;

G.    Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York          The NHG Law Group, P.C.
      January 21, 2025

_____
By: Victoria Spagnolo, Esq.

12

*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
vspagnolo@nhglaw.com