UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FRANCISCO VELIZ ACOSTA,

                   Plaintiff,

    -against-

PRINCE UMBERTO RESTAURANT &
PIZZERIA INC. AND MARIA CALIENDO,

                  Defendants.
-------------------------------------------------------------X

Case No. 2:25-cv-00350 GRB-AYS

**ANSWER**

Defendants **PRINCE UMBERTO RESTAURANT & PIZZERIA INC.**, and **MARIA CALIENDO**, (collectively referred to as "Defendants") through their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP hereby answer the Complaint filed in this matter by the Plaintiff **FRANCISCO VELIZ ACOSTA** ("Plaintiff"), as follows:

## RESPONSES TO NATURE OF THE ACTION

1. Defendants admit the allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

## RESPONSES TO PARTIES

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

1

## RESPONSES TO JURISDICTION AND VENUE

7.    The allegations in Paragraph 7 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

8.    The allegations in Paragraph 8 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

9.    The allegations in Paragraph 9 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

10.    The allegations in Paragraph 10 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

## RESPONSES TO THE FACTUAL ALLEGATIONS

11.    Defendants deny the allegations in Paragraph 11 of the Complaint except admit Defendant Prince Umberto Restaurant & Pizzeria Inc., maintains its place of business at 721D Franklin Avenue, Franklin Square, New York 11010.

12.    Defendants deny the allegations in Paragraph 12 of the Complaint except admit Defendant Prince Umberto Restaurant & Pizzeria Inc., owns and operates a restaurant and pizzeria at 721D Franklin Avenue, Franklin Square, New York 11010.

13.    The allegations in Paragraph 13 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

2

14. The allegations in Paragraph 14 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

15. Defendants deny the allegations in Paragraph 15 of the Complaint except admit Defendant Prince Umberto Restaurant & Pizzeria Inc., had an annual gross volume of sales of not less than $500,000.00 from 2019 through 2024.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint except admit Defendant Maria Caliendo was and continues to be an owner, officer and shareholder of Defendant Prince Umberto Restaurant & Pizzeria Inc.

20. Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint except admit Defendant Maria Caliendo managed and supervised staff working at Defendant Prince Umberto Restaurant & Pizzeria Inc.

22. Defendants deny the allegations in Paragraph 22 of the Complaint except admit Defendant Maria Caliendo exercised operational control over Defendant Prince Umberto Restaurant & Pizzeria Inc., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Prince Umberto Restaurant & Pizzeria Inc., in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees.

3

23.    Defendants deny the allegations in Paragraph 23 of the Complaint except admit Defendant Maria Caliendo participated in determining the wages and compensation of Defendant Prince Umberto Restaurant & Pizzeria Inc.'s employees, establishing the schedules of its employees, maintaining its employee records, and had the authority to hire and fire its employees.

24.    Defendants deny the allegations in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations in Paragraph 26 of the Complaint.

27.    Defendants deny the allegations in Paragraph 27 of the Complaint.

28.    Defendants deny the allegations in Paragraph 28 of the Complaint.

29.    Defendants deny the allegations in Paragraph 29 of the Complaint.

30.    Defendants deny the allegations in Paragraph 30 of the Complaint.

31.    Defendants deny the allegations in Paragraph 31 of the Complaint.

32.    Defendants admit the allegations in Paragraph 32 of the Complaint.

33.    Defendants deny the allegations in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations in Paragraph 38 of the Complaint.

39.    Defendants deny the allegations in Paragraph 39 of the Complaint.

40.    Defendants deny the allegations in Paragraph 40 of the Complaint.

41.    Defendants deny the allegations in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations in Paragraph 42 of the Complaint.

4

43.    Defendants deny the allegations in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations in Paragraph 45 of the Complaint.

46.    Defendants deny the allegations in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations in Paragraph 52 of the Complaint.

53.    Defendants deny the allegations in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations in Paragraph 54 of the Complaint.

55.    Defendants deny the allegations in Paragraph 55 of the Complaint.

## RESPONSES TO FIRST CAUSE OF ACTION
## OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

56.    In response to the allegations set forth in paragraph 56 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 55 of the Complaint, as if fully set forth herein.

57.    The allegations in Paragraph 57 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

58.    The allegations in Paragraph 58 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

5

4914-8415-4917, v. 1

59. The allegations in Paragraph 59 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

60. The allegations in Paragraph 60 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

61. The allegations in Paragraph 61 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

62. The allegations in Paragraph 62 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

63. The allegations in Paragraph 63 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

## RESPONSES TO SECOND CAUSE OF ACTION
## OVERTIME UNDER THE NEW YORK LABOR LAW

70.    In response to the allegations set forth in paragraph 70 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 69 of the Complaint, as if fully set forth herein.

71.    Defendants deny the allegations in Paragraph 71 of the Complaint.

72.    The allegations in Paragraph 72 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

73.    Defendants deny the allegations in Paragraph 73 of the Complaint.

74.    The allegations in Paragraph 74 of the Complaint contain legal conclusions to which no responses are required; to the extent that responses may be required, Defendants deny these allegations.

75.    Defendants deny the allegations in Paragraph 75 of the Complaint.

76.    Defendants deny the allegations in Paragraph 76 of the Complaint.

77.    Defendants deny the allegations in Paragraph 77 of the Complaint.

78.    Defendants deny the allegations in Paragraph 78 of the Complaint.

## RESPONSES TO THIRD CAUSE OF ACTION
## WAGE STATEMENTS UNDER NEW YORK LABOR LAW

79.    In response to the allegations set forth in paragraph 79 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 78 of the Complaint, as if fully set forth herein.

80.    Defendants deny the allegations in Paragraph 80 of the Complaint.

81.    Defendants deny the allegations in Paragraph 81 of the Complaint.

4914-8415-4917, v. 1

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

## RESPONSES TO FOURTH CAUSE OF ACTION
## SPREAD OF HOURS UNDER NEW YORK LABOR LAW

85. In response to the allegations set forth in paragraph 85 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 84 of the Complaint, as if fully set forth herein.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

## RESPONSES TO FIFTH CAUSE OF ACTION
## MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT

90. In response to the allegations set forth in paragraph 90 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 89 of the Complaint, as if fully set forth herein.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

## RESPONSES TO PRAYER FOR RELIEF

95. Defendants deny the allegations and requested relief in the "Prayer For Relief" portion of the Complaint.

4914-8415-4917, v. 1

## ADDITIONAL AVERMENTS

96.    Defendants deny all claims and allegations not unequivocally admitted herein including without limitation any paragraph pertaining to prayer for relief.

## AFFIRMATIVE DEFENSES

97.    By way of further answer, Defendants assert the following and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiff of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the laws do not impose such burden on Defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

98.    The Complaint is barred because it fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

99.    Plaintiff has failed to state all the elements for a violation of the federal Fair Labor Standards Act and the New York State Labor Laws.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

100.    The Complaint is barred, in whole or in part, by the doctrines of payment, tender, discharge, waiver, and/or abandonment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

101.    Plaintiff's claims are barred in whole or in part by the doctrine of estoppel and/or "unclean" hands and/or the doctrine of latches to the extent, *inter alia,* discovery reveals Plaintiff falsely reported his hours of purported work and there is no evidence Defendants authorized, suffered or permitted the false reporting of hours.

9

4914-8415-4917, v. 1

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

102.    Without admitting that Defendants' acts and omissions giving rise to Plaintiff's action violated the Fair Labor Standards Act or New York State Labor Laws, Defendants aver that such acts and omissions, if any, on its part were committed in good faith and that Defendants had reasonable grounds for believing that such acts or omissions were not a violation of these statutes. Defendants accordingly request that the court, in the exercise of its sound discretion, not make any award of liquidated damages to Plaintiff under federal law or New York State law even if Plaintiff's overtime and minimum wage claims have any merit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

103.    The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

104.    Pendent, supplemental or other jurisdiction should not be exercised over any of Plaintiff's claims brought pursuant to the New York State Labor Law or any other state law, statute, regulation or ordinance.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

105.    Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

106.    Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

10

4914-8415-4917, v. 1

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

107.    To the extent the Complaint seeks expert witness fees and costs in its reference to the costs of this action, such expert witness fees and costs are not recoverable in actions pursued under the Fair Labor Standards Act and New York State Labor Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

108.    Plaintiff's claims for damages for Defendants' alleged failure to provide wage notices in accordance with New York State Labor Law are barred inasmuch as the New York State Wage Theft Prevention Act took effect on April 9, 2011, and Plaintiff avers he worked for Defendant Prince Umberto Restaurant & Pizzeria Inc., prior to that date and thus, Plaintiff was not entitled to a wage notice (assuming *arguendo*, Plaintiff's allegations regarding his tenure of employment are accurate).

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

109.    Plaintiff's claims for damages for Defendants' alleged failure to provide wage notices in accordance with New York State Labor Law are also barred inasmuch as the New York State Wage Theft Prevention Act, as amended, does not require an employer to provide a wage notice in the absence of a change of pay day or decrease in compensation (and Plaintiff does not allege this occurred when he worked for Defendant Prince Umberto Restaurant & Pizzeria Inc.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

110.    Plaintiff's claims for damages for Defendants' alleged failure to provide wage statements in accordance with New York State Labor Law are barred pursuant to *inter alia*, New York Labor Law Section 198(1-d) as Defendant Prince Umberto Restaurant & Pizzeria Inc., made complete and timely payment of all wages due (assuming arguendo, Plaintiff was employed by Defendant Prince Umberto Restaurant & Pizzeria Inc.).

11

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

111.    Plaintiff's allegations that Defendants violated the New York State Wage Theft Prevention Act are either wholly or partially without merit inasmuch as *inter alia*, this statute's requirements was not applicable to Plaintiff during a portion of his alleged tenure of employment.

## AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE

112.    The doctrine of "after acquired evidence" bars, in whole or in part, any right to recovery by Plaintiff.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

113.    The individual Defendant, Maria Caliendo, was not and is not an "employer" of Plaintiff within the meaning of the federal Fair Labor Standards Act and the New York State Labor Law or any other relevant federal or state law, regulation or ordinance as alleged in the Complaint and, as such, all claims as against the individual Defendant should be dismissed.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

114.    Without admitting the individual Defendant, Maria Caliendo, employed Plaintiff, Defendants cannot be deemed Plaintiff's "joint" employer (assuming arguendo, Plaintiff was employed by Defendant Prince Umberto Restaurant & Pizzeria Inc.).

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

115.    The individual Defendant has no personal liability under the legal theories or factual allegations asserted by Plaintiff, and as such, all claims against her should be dismissed.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

116.    Plaintiff has pleaded insufficient facts demonstrating that he is entitled to recover liquidated damages.

12

4914-8415-4917, v. 1

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

117.    Plaintiff is not entitled to cumulative liquidated damages with respect to his Fair Labor Standards Act and New York State Labor Law claims. *See, e.g., Chowdury v. Hamza Express Food Corp.*, 666 Fed. Appx. 59, 60 (2d Cir. 2016); and *Inclan v. New York Hospitality Group,* 95 F.Supp.3d 490 (S.D.N.Y. 2015).

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

118.    Plaintiff cannot establish a "spread of hours" violation if he was paid sufficient wages under the applicable New York State Wage Order.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

119.    Plaintiff cannot establish a "spread of hours" violation if he worked an insufficient number of daily hours as required by the applicable New York State Wage Order.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

120.    Plaintiff's claims are barred in whole or in part to the extent the work said individual performed falls within exemptions, exclusions, offsets, credits, or allowances including those provided for in Sections 7 and 13 of the Fair Labor Standards Act, 29 U.S.C. § 207 and/or its regulations and Court interpretations thereof.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

121.    Plaintiff failed to plead facts supporting an equitable tolling of the statute of limitations.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

122.    To the extent the Complaint seeks compensation of "straight time" above the statutory federal minimum wage rate during workweeks where Plaintiff worked over forty (40) hours, the Fair Labor Standards Act does not provide for recovery of such wages beyond the

13

statutory minimum wage as a matter of law. *See Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013).

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

123.    Plaintiff does not have Article III standing to assert claims under the New York Wage Theft Prevention Act for failure to provide accurate wage statements or annual wage notices.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

124.    Plaintiff's claims are barred to the extent no private right of action exists to enforce one or more statutes and/or regulations cited by Plaintiff.

## RESERVATION OF RIGHTS

125.    Defendants reserve the right to amend its Answer during the course of this action and to assert other affirmative defenses as may be warranted as discovery proceeds in accordance with applicable rules.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint in its entirety and granting Defendants judgment for its legal fees and costs in defending the matter.

Dated: Mineola, New York
March 6, 2025

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

By: _Carmelo Grimaldi_
Carmelo Grimaldi, Esq.
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300
cgrimaldi@meltzerlippe.com
*Attorneys for Defendants*

To:    Victoria Spagnolo, Esq.
The NHG Law Group, P.C.
4242 Merrick Road
Massapequa, New York 11758
Tel: 516-228-5100
Email: vspagnolo@nhglaw.com
*Attorneys for Plaintiff*

14

4914-8415-4917, v. 1